THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* THE MECHANICS AND TRADERS' SAVINGS INSTITUTION.

WILLIAM H. M. SISTARE, CLAIMANT, APPELLANT.

*Savings institutions — creditors are entitled to be paid in full in preference to depositors.*

The Mechanics and Traders' Institution was incorporated by chapter 368 of 1852, for the purpose of receiving money on deposit, investing it in governmen securities, etc., and paying to the depositors interest, at such a rate as that they should receive, as nearly as might be, a ratable proportion of all the profits after deducting the necessary expenses.    It had no capital.    In 1875, one Sistare commenced an action against it to recover the value of services rendered by him to it in 1872.    Thereafter the corporation was dissolved and a receiver appointed, who was substituted in the place of the corporation in the action brought by Sistare.    After two trials, a judgment was recovered by Sistare, which was affirmed by the Court of Appeals.

*Held,* that he was entitled to have the full amount of the judgment, and not merely his costs and disbursements, paid from the funds in the hands of the receiver in preference to the claims of the depositors.

APPEAL by William H. M. Sistare from so much of an order made at a Special Term, as disallowed his claim to a preference over the depositors of the defendant bank.

This institution was incorporated by chapter 368, Laws of 1852. Its business, as expressed in section 6, is to receive on deposit such sums of money as may be offered for the purpose of being invested in government securities, etc. The rate of interest is to be so regulated that the depositors shall receive, as nearly as may be, a ratable proportion of all the profits after deducting the necessary expenses. The corporation had no capital.

Mr. Sistare was a New York broker; and in 1872 the savings institution employed him as such broker to sell certain stock. The result of the transaction was, that on the 5th of April, 1872, the savings institution became liable to him on contract for a large sum. For this Mr. Sistare commenced an action against the savings institution in November, 1875. The action was pending in 1877, when, on the twenty-sixth of December, an order was entered in the matter above entitled, dissolving the corporation and appointing Mr. Best receiver.

On the 29th of April, 1878, an order was made substituting Mr. Best as receiver in place of the corporation in the action brought by Mr. Sistare. After that the action was twice tried and twice appealed, and was finally appealed by the receiver to the Court of Appeals. There it was finally decided in favor of Mr. Sistare, about the 14th of April, 1882. Mr. Sistare therefore has a judgment of April 28, 1879, for $6,874.13, and two subsequent judgments for costs. Upon these appeals Mr. Sistare waived the security, to which he would have been entitled, on the stipulation of the receiver that he would keep on deposit in the United States Trust Company the amount necessary to pay the judgment.

Mr. Sistare applied to the court that his judgment be paid in preference to the claims of depositors. This motion was granted as to his costs and disbursements but denied as to his claim. And he appeals.

*Henry S. Bennett.* for W. H. M. Sistare, appellant.

*A. J. Vanderpoel*, for the receiver.

*John C. Keeler*, deputy attorney-general, for the respondent.

LEARNED, P. J :

A savings institution is incorporated for the purpose of managing and investing the small savings of persons of moderate means, who cannot well invest for themselves. The only property which it has is that to which the depositors are *pro rata* entitled. It has no capital. Although each depositor has a claim against the corporation for the amount standing to his name; yet, on the other hand, the aggregate of the property of the corporation belongs to no one else than the depositors. When the corporation is dissolved and closed, the depositors are entitled to all that the institution honestly owns. The question is whether they are entitled to anything more.

The charter of this corporation says (and the law would be so even if this were not expressed), that the depositor shall receive his *pro rata, after deducting the necessary expenses.* Now expenses, unless paid the very moment they are incurred, would create a debt, and such a debt would, by the very terms of the charter, be paid before the depositors received their money.

Again, let us suppose that the savings institution had purchased and received government bonds from Mr. Sistare, but had not paid for them, would it be just that the depositors should share in the assets thus received, and yet should require Mr. Sistare to take a *pro rata* dividend on his debt? Certainly not. The management of the institution is really a management of the depositors' money for their benefit. Unless there be some statute, or some positive decision to the contrary, the depositors should share only in the assets, after the debts are paid.

We are cited to section 79, article 3, title 4, chapter 8, part 3, Revised Statutes. (2 R. S., p. 470.) But that is under the head of voluntary dissolution. And the preceding section (§ 69, p. 469) shows that the article refers to *stock* corporations. Chapter 336 of Laws of 1855, is also cited. But that was repealed by chapter 371, Laws of 1875. Section 44 of that last chapter was amended by chapter 422, Laws of 1879. That requires the receiver to make distribution of the assets, not specifying the manner.

*In Matter of Franklin Bank* (1 Paige, 249), to which we are cited, was a case in regard to depositors in a bank of issue and deposit, not a savings bank. And the difference is, that in such a

bank the depositors are nothing but creditors. They have no share in the profits and are not to bear the losses. The stockholders in such a bank are the persons who benefit by the profits, and who therefore, should lose by the losses. It is their property which is to pay the expenses and debts. The contrary is the case in a savings bank. The depositors in such an institution are like the stockholders in a bank of issue and deposit. They share the profits, they bear the losses and they pay the expenses. (*Huntington* v. *Savings Bank*, 96 U. S., 388.) We are also cited to the case of *People* v. *Security Life Insurance Company* (78 N. Y., 122), to show that policyholders are not partners, but creditors, in a mutual life insurance company. But it is to be noticed that many companies, called mutual, are yet stock companies; and such was the case with the Security company. The head note to the case shows that the decision is qualified by limiting the language on this point to *stock* companies. It is not, however, necessary to say that these depositors are partners. It is enough that the savings institution is only an organization to manage their money for their benefit, and that Mr. Sistare's claim is a debt contracted in such management. It should then be chargeable on the fund. To this effect is *Stocton* v. *M. and L. Savings Bank* (32 N. J. Eq., 163).

We are of the opinion that the part of the order appealed from should be reversed, with ten dollars costs and printing disbursements, and the motion of Mr. Sistare, to be paid in full his claim, should be granted, with ten dollars costs.

Present — LEARNED, P. J., and BOOKES, J.; WESTBROOK, J., not acting.

That part of the order appealed from reversed, with ten dollars costs and printing disbursements, and motion of Sistare granted, with ten dollars costs.